# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

JENNIFER KEETON,

       Plaintiff,

  v.

MARY JANE ANDERSON-WILEY, Associate Professor, Augusta State University; PAULETTE SCHENCK, Assistant Professor; RICHARD DEANER, Assistant Professor; WAYNE LORD, Chairman of Department of Educational Leadership, Counseling, and Special Education; GORDON EISENMAN, Dean of the College of Education; WILLIAM A. BLOODWORTH, JR., President of Augusta State University; ROBERT F. HATCHER, Chairman of the Board of Regents of the University System of Georgia; WILLIS J. POTTS, JR., Vice-Chairman of the Board of Regents; and KENNETH R. BERNARD, JR., JAMES A. BISHOP, FREDERICK E. COOPER, LARRY R. ELLIS, C. THOMAS HOPKINS, JR., FELTON JENKINS, W. MANSFIELD JENNINGS, JR., JAMES R. JOLLY, DONALD M. LEEBERN, JR., WILLIAM H. NESMITH, JR., DOREEN STILES POITEVINT, WANDA YANCEY RODWELL, KESSEL STELLING, JR., BENJAMIN J. TARBUTTON, III, RICHARD L. TUCKER, and LARRY WALKER, Members of the Board of Regents,

       Defendants.

CIVIL ACTION NO. _____

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Comes now Plaintiff Jennifer Keeton, by and through counsel, and pursuant to Local Rule 7.1 and FED. R. CIV. P. 65(a), hereby respectfully moves this Court for a preliminary injunction prohibiting all named Defendants, their officers, agents, employees, and all other persons acting in active concert with them from (1) expelling Miss Keeton from the Augusta State University Counselor Education masters degree program because of her speech and beliefs, and because of her refusal to participate in a Remediation Plan that requires for its successful completion that she alter her sincere and central religious beliefs on matters of gender and sexual ethics and that she commit to affirmatively validating conduct she deems immoral, and (2) from requiring Miss Keeton to participate at all in the thought-reform Remediation Plan which subjects her to aggressive ideological instruction so as to facilitate the explicitly required mandate that she change her beliefs and commit to speaking and acting in the future in a fashion comporting with ASU faculty preference.

In the absence of a preliminary injunction granting the above relief, Miss Keaton will continue to suffer numerous irreparable harms.  The violation of First Amendment rights for even minimal periods of time is irreparable harm, *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1271–72 (11th Cir. 2006), and here Defendants' unlawful investigation into Miss Keaton's beliefs, efforts to change her beliefs, and threats to expel her from the Counseling Education Program violated and continue to violate her First Amendment rights.

Miss Keaton desires to continue her graduate education in ASU's Counselor Education Program without fear that Defendants will punish her for her religious views on matters of critical ethical import, for her unwillingness to change or abandon those views, and for her refusal to affirm a viewpoint contrary to those views.  But Miss Keeton cannot so proceed

because of Defendant's unlawful threat to dismiss her from the program.  Further, Miss Keaton faces the additional harm of a delay in obtaining her master's degree, with a corresponding delay in her entry into the counseling profession, should Defendants follow through on their promise to expel her from the ASU counseling program.  Such an imposition would result in her losing invaluable time and experience as a counselor, and related financial detriment.  Miss Keeton is currently registered for the upcoming fall 2010 semester (initiating in early August) to pursue courses necessary to satisfy her degree requirements.  Thus, Miss Keaton asks for expedited relief so she can avoid disruption in her carefully planned educational and career schedule and irreparable harm to her constitutional rights.

In support of her motion, Miss Keaton relies on the Memorandum in Support of Plaintiff's Motion for Preliminary Injunction, filed contemporaneously with this Motion.  In addition, she relies on her Verified Complaint and the exhibits filed with it.

Miss Keaton also requests waiver of any bond requirement.  *See City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. 1981) (upholding waiver of bond requirement where "[i]n a real sense . . . plaintiffs were engaged in public-interest litigation, an area in which courts have recognized an exception to the Rule 65 security requirement").

Miss Keaton additionally requests oral argument on this motion.  This case concerns critical issues regarding federal constitutional rights to freedom of speech, freedom from retaliation for exercising First Amendment rights, free exercise of religion, and freedom of conscience.  Given the paramount interests at stake, an oral elaboration of the relevant legal arguments should prove useful in determining the proper outcome for this motion.

WHEREFORE, Plaintiff Miss Keeton respectfully requests that this Court grant her Motion for Preliminary Injunction, without condition or bond, prohibiting Defendants from expelling her

from ASU's Counselor Education Program, and relieving her of the obligation to endure the

terms of the unlawful Remediation Plan.

Respectfully submitted on this the 21 day of July, 2010.


JEFFREY A. SHAFER*
Illinois Bar No. 6230713
Ohio Bar No. 0067802
ALLIANCE DEFENSE FUND
801 G Street NW, Suite 509
Washington, DC 20001
(202) 393–8690
(202) 347–3622—facsimile
jshafer@telladf.org
*Lead Counsel*

JOSEPH J. MARTINS*
North Carolina Bar No. 31666
TRAVIS C. BARHAM*
Arizona Bar No. 024867
ALLIANCE DEFENSE FUND
12 Public Square
Columbia, Tennessee 38401
(931) 490–0591
(931) 490–7989—facsimile
jmartins@telladf.org
tbarham@telladf.org

/s/ Charles C. Stebbins, III
CHARLES C. STEBBINS, III
Georgia Bar No. 667350
Alabama Bar No. 854
WARLICK, TRITT, STEBBINS & HALL, LLP
209 7th Street
Augusta, Georgia 30901
(706) 722–7543
(706) 722–1822—facsimile
cstebbins@wtshlaw.com

**ATTORNEYS FOR PLAINTIFF**

*Motion for admission *pro hac vice* pending submission